UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 19-00029-CIV-COTE

9197-5904 QUEBEC, INC.

    Plaintiff

v.

NLG, LLC,

    Defendant.

_____/

## MOTION TO REMAND

Defendant, NLG, LLC ("NLG"), through undersigned counsel, third party creditor of NLG, Juan Ramirez, Jr., *pro se* and third party creditor of NLG, Chris Kosachuk, *pro se,* file this Motion to Remand (the "Motion") and respectfully state:

    1.    This action involves a void judgment by confession (the "Void Judgment") which is attached hereto as Exhibit 1, dating back to February 22, 2012.

    2.    The plaintiff, 9197-5904 Quebec, Inc., ("Quebec"), pursuant to CPLR §3218, through its President, Raymond Houle, executed two Affidavits of Confession, on behalf of Defendant NLG. As such, Mr. Houle was acting as both the Plaintiff Quebec and Defendant NLG.

    3.    The affidavits confessed to a $5,000,000 judgment for the tort claim of fraud and abuse of process. CPLR §3218 only allows such affidavits to be based on a "debt".  This renders the judgment void *ab initio* as a matter of law.

    4.    The Void Judgment was assigned to Selective Advisors Group, LLC ("Selective") for no consideration.

5. NLG has had pending since 2014 its motion to vacate this Void Judgment and has been met by every conceivable delay.

6. This untimely Notice of Removal is the latest ploy.

7. The Notice of Removal claims to be related to a bankruptcy case pending in the Southern District of Florida, captioned as *In Re Liza Hazan* Case No. 16-10389-AJC. The Notice of Removal also claims to have been filed within the 90 days required under Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure, which provides that the notice of removal may be filed within 90 days after the order for relief in the bankruptcy case, the longest of the three options.

8. The Debtor Liza Hazan filed her voluntary petition for Chapter 11 bankruptcy under Case No. 16-10389-AJC on January 11, 2016. A copy of the petition is of record at ECF No. 1-2 p. 2.

9. Selective's owner and manager, Sean Meehan, is Hazan's husband but Selective and Mr. Meehan are not in bankruptcy.

10. In the case sought to be removed, Justice Hagler, of the New York County Supreme Court, conducted a final hearing on the pending motions to vacate on November 8, 2018. He announced that the case has "been on a lot of times, and I want to get this case off my calendar. It's a 2012 case, one of my oldest cases, and I want to render a decision as soon as possible." Transcript, p. 19, lines 8-11, attached as Exhibit 2. The Court directed the parties to submit final memoranda to address whether a judgment by confession can be validly entered on a tort claim because he had never seen that done. The final memoranda were due today, on January 7, 2019.

11. To avoid having to concede that a judgment by confession cannot be entered

on a tort claim, Selective waited almost the entire two months and instead of filing its final memorandum, it filed this untimely Notice of Removal. Counsel Nierman was present and argued before Justice Hagler on November 8, 2018, before filing this untimely Notice of Removal.

12. The filing of the Notice of Removal is manifestly frivolous and should be sanctioned.

## MEMORANDUM OF LAW

### The Removal is Untimely

Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure has three time limits for filing a Notice of Removal. The longest is within 90 days after the "order for relief" in the bankruptcy case. Title 11 U.S.C. § 301(b) clearly and succinctly defines "order for relief" stating that "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." *See also Monsour v. Monsour (In re Monsour)*, 372 B.R. 272, 279 (Bankr. W.D. Va. 2007) ("The filing of a voluntary petition constitutes an order for relief. 11 U.S.C. § 301."). Here, the Debtor filed her voluntary Chapter 11 bankruptcy petition on January 11, 2016. Thus, the order for relief dates back to January 11, 2016. The Notice of Removal was untimely filed on January 2, 2019, almost three years after the related petition was filed and thus, almost three years too late.

Selective incorrectly claims that the order for relief was entered on December 7, 2018. That was the date the bankruptcy court granted Hazan a discharge. In fact, bankruptcy law provides that only debts that arose *prior* to the date of a bankruptcy court's "order for relief" are discharged in a bankruptcy action. (*See* 11 U.S.C. § 727 [b].)

**WHEREFORE**, for the reasons set forth above, NLG, Mr. Ramirez and Mr. Kosachuk

respectfully request that the Court grant their Motion to Remand, issue an order to show cause why Selective's attorney should not be sanctioned, and grant such other and further relief as the Court deems appropriate.

January 7, 2019

Respectfully submitted,

| *Pro Se* Third Party Creditor of NLG | Attorneys for NLG, LLC |
|---|---|
| */S/ JUAN RAMIREZ, JR.* | */S/ JAMES COSTO* |
| Juan Ramirez, Jr. | JAMES COSTO, ESQUIRE |
| ADR Miami LLC | ATTORNEY FOR DEFENDANT NLG, LLC |
| Florida Bar No. 201952 | 11 Park Place, Suite 1100 |
| ADR Miami LLC | New York, NY 10007 |
| 1172 S. Dixie Hwy. #341 | Tel: +1.646.543.0406 |
| Coral Gables, FL 33146 | Email: costolaw@gmail.com |
| (305) 667-6609 | |
| jr@adrmiami.com | |

*Pro Se* Third Party Creditor of NLG
*/S/ CHRIS KOSACHUK*
Chris Kosachuk
854 Pheasant Run Rd
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF to the parties on the attached service list as indicated on this 7th day of January, 2019.

*/S/ JAMES COSTO*
JAMES COSTO, ESQUIRE
ATTORNEY FOR DEFENDANT
NLG, LLC
11 Park Place, Suite 1100
New York, NY 10007
Tel: +1.646.543.0406
Email: costolaw@gmail.com

## SERVICE LIST

**Via Email**
Joseph H. Nierman, Esq. on behalf of Selective Advisors Group, LLC
j_nierman@yahoo.com