UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 19-00029-CIV-COTE

9197-5904 QUEBEC, INC.

    Plaintiff
v.

NLG, LLC,

    Defendant.
_____/

## MOTION TO CLARIFY AND EXPEDITE

Defendant, NLG, LLC ("NLG"), through undersigned counsel, third party creditor of NLG, Juan Ramirez, Jr., *pro se* and third party creditor of NLG, Chris Kosachuk, *pro se,* file this Motion to Clarify and to Expedite Relief on the pending Motion to Remand [ECF No. 6] and respectfully state:

1. This Court entered an Order on January 15, 2019, directing the **defendant** to serve any opposition to the motion to remand [D.E. 7], probably because it is so unusual for a **plaintiff** to file a notice to remove its own case to federal court. But here it was the plaintiff who filed the Notice of Removal.

2. Plaintiff's Notice is only part of its delay tactics which have sidetracked a ruling on Defendant's motion to vacate filed in 2014, attacking a void judgment by confession entered on February 22, 2012. [*See* ECF No. 6-1].

3. Defendant, NLG, prays for a clarification that it is the **plaintiff** which shall serve any opposition to the motion to remand by January 25, 2019.

4. In anticipation of plaintiff's predictable motion for extension of time,

Defendant, NLG, prays for a firm deadline to file this opposition on January 25, 2019. Plaintiff's Notice of Removal already cited the proper deadlines in paragraph 7 of its Notice, the longest being 90 days after the "order for relief."

5. This removal is allegedly based on a bankruptcy case. 28 U.S.C. §1452 allows the removal of claims related to bankruptcy cases. Here, that bankruptcy case has been pending in the Southern District of Florida since 2016 under *In Re Liza Hazan* Case No. 16-10389-AJC.

6. Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure, titled "Removal," sets the time limits for this Notice of Removal:

> ***Time for filing****; civil action initiated before commencement of the case under the Code.* If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) **90 days** after the **order for relief** in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code [11 USCS § 362], or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief. (Emphasis added)

7. The "order for relief" is clearly defined by statute as "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." Title 11 U.S.C. § 301(b). For the bankruptcy case of *In Re Liza Hazan*, that would be January 11, 2016, not December 7, 2018. The Notice of Removal is almost **three years too late**.

8. Debtor Hazan filed her voluntary petition for Chapter 11 bankruptcy under *In Re Liza Hazan* on January 11, 2016. A copy of the petition is of record at ECF No. 1-2 p. 2. The Notice of Removal erroneously claims that the "order for relief" was entered on December 7, 2018, and attached it as Exhibit C to the Notice [D.E. 1-3, P. 2]. Exhibit C,

however, is an **order granting discharge**.

9. Granting plaintiff an extension of time from the January 25, 2019 due date will not change these facts, or the applicable law.

10. The filing of the Notice of Removal is manifestly frivolous and should be sanctioned.

11. Undersigned respectfully request an expedited adjudication of the pending Motion to Remand. [*See* ECF 6 and 6-1].

**WHEREFORE**, for the reasons set forth above, NLG, Mr. Ramirez and Mr. Kosachuk respectfully request that the Court clarify its January 15th order to require plaintiff to file any opposition by January 25, 2019 as a firm deadline, issue an order to show cause why Selective's attorney should not be sanctioned, and grant such other and further relief as the Court deems appropriate.

January 17, 2019

                                                  Respectfully submitted,

                                                  */S/ JUAN RAMIREZ, JR.*
                                                  Juan Ramirez, Jr.
                                                  ADR Miami LLC
                                                  1172 S. Dixie Hwy. #341
                                                  Coral Gables, FL 33146
                                                  (305) 667-6609
                                                  jr@adrmiami.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF to the parties on the attached service list as indicated on this 17th day of January, 2019.

                                                  */S/ JUAN RAMIREZ, JR.*
                                                  Juan Ramirez, Jr.

## SERVICE LIST

**Via Email**

Joseph H. Nierman, Esq. on behalf of Selective Advisors Group, LLC
j_nierman@yahoo.com

James Costo, Co-counsel for NLG, LLC
costolaw@gmail.com