```
J3TT919C
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  9197-5904 QUEBEC, INC.,
4              Plaintiff,
5         v.                            19 CV 29 (DLC)
6  NLG, LLC,
7              Defendant.
8  ------------------------------x
                                       New York, N.Y.
9                                      March 29, 2019
                                       11:30 a.m.
10
   Before:
11
                    HON. DENISE L. COTE,
12
                                       District Judge
13
                          APPEARANCES
14
   LAW OFFICES OF J. HENRY NIERMAN
15      Attorneys for Plaintiff
   BY: JOSEPH NIERMAN
16
   ADR MIAMI LLC
17      Attorneys for Defendant
   BY: JUAN RAMIREZ, JR.
18
   CHRIS KOSACHUK, PRO SE
19

1           (Case called)

2           MR. NIERMAN:  Joseph Nierman, Law Offices of J. Henry
3  Nierman, for the plaintiff.

4           DEPUTY CLERK:  For the defendant.

5           MR. RAMIREZ:  Your Honor, Juan Ramirez, Jr. on behalf
6  of NLG, LLC, and also pro se -- who is a judgment creditor of
7  NLG, and with me is Chris Kosachuk, general manager of NLG and
8  also a pro se because he's also a judgment creditor of NLG.

9           THE COURT:  So thank you, Mr. Ramirez.  And of course
10 Mr. Kosachuk is absolutely welcome to attend, but I don't think
11 he is a party to this proceeding before me.

12          MR. RAMIREZ:  He should have been made a party because
13 he was a party to the state court action, but whatever the
14 Court's pleasure.  I think he should have been made a party.

15          MR. KOSACHUK:  Your Honor, if I may, I did join the
16 motion to remand as a party, so I am technically a party in
17 this case.

18          THE COURT:  Are you a lawyer, sir?

19          MR. KOSACHUK:  No, I am not, your Honor.

20          THE COURT:  Have you filed any notice of appearance in
21 this action?

22          MR. KOSACHUK:  I did not file a notice of appearance,
23 but I did file the motion to remand.  It's Docket Entry 6.
24 It's a joint motion to remand from NLG, LLC, Mr. Ramirez, and
25 myself.

1     THE COURT:  Thank you.  I have the motion to remand,
2  Document 6, on our ECF docket, and Mr. Kosachuk is correct that
3  he is listed there as a pro se third-party creditor of NLG.
4     Okay.  So I don't think this changes anything about
5  this conference, but let me just say when there is a pro se
6  party in the litigation, it's important to me that they get
7  served all of the papers and are fully advised of all
8  proceedings and have an opportunity fully to participate, and I
9  don't believe that that's been done here.
10     Let me ask you, Mr. Nierman, have you served on
11  Mr. Kosachuk all of the papers that you filed with the Court?
12     MR. NIERMAN:  No, your Honor.
13     THE COURT:  Mr. Ramirez, have you served on
14  Mr. Kosachuk all the papers that you filed with this Court?
15     MR. RAMIREZ:  Yes, Judge.  And I've also forwarded
16  Mr. Nierman's papers to Mr. Kosachuk, so we're not complaining
17  about service.
18     THE COURT:  Thank you.
19     MR. NIERMAN:  If I may, your Honor.
20     THE COURT:  No.  So we're just going to go forward
21  with today's conference and address the merits.  If this should
22  continue before me, though, we're going to have proceedings and
23  make sure that every pro se litigant is served as required in
24  the action, but let's not delay reaching the merits of the many
25  issues before the Court today.

J3TT919C

1          Let me begin with some structure in terms of the
2  background to this.  There was a removal to federal court from
3  the state court action and there's a motion to remand back to
4  state court.  There are many other motions before me, but that
5  is the fundamental argument of whether removal was proper and
6  whether remand is appropriate.
7          And the basic facts that apply to this are as follows,
8  as I understand them.  And counsel, listen carefully, because
9  if any of the dates or facts are wrong, I certainly want to
10 give you an opportunity to make sure that we straighten that
11 out.
12         There was a judgment of confession filed in New York
13 State Court in 2012 in the amount of $5 million against NLG,
14 LLC.  In 2014 NLG moved to vacate that judgment which was
15 entered against it, and on January 11, 2016, there was a
16 bankruptcy filed in Florida by a Ms. Hazan.  There's been some
17 litigation in Florida, bankruptcy proceedings about a
18 foreclosure on a Florida home.
19         On November 8, 2018, in New York State Court, there
20 was a hearing on the NLG motion to vacate the judgment entered
21 against it in New York Court.  On December 6, 2018, there was
22 an order of discharge entered by the bankruptcy court in
23 Florida extinguishing any stay with respect to the bankrupt
24 Ms. Hazan.  The New York State Court, in connection with a
25 hearing that occurred in early November, had set a briefing

schedule, and the final memorandum in connection with that motion to vacate was due to be served January 7 of this year.

Days before, on January 2nd of this year, there was a removal of the state court action to federal court.  The grounds for removal are identified as 1446 and 1452.  1446 only gives defendants a right to remove.  In this case a plaintiff removed, and so that clearly doesn't apply.

With respect to 1452, that removal is in connection with bankruptcy proceedings, and it has an ability for either a plaintiff or a defendant to remove.  But there are statutory requirements with respect to such removal, and the parties have addressed in their papers on this motion to remand whether or not a 1452 removal was appropriate and whether I, of course, should exercise my discretion in any event and remand this proceeding.

So that is the timeline that I believe gives us the structure for identifying the framework in which I'm going to be addressing these motions.

I think there's just one other background piece of information that would be helpful for the record.  The plaintiff is an entity named Quebec, the assignee of his claim is apparently Selective.  Selective has an associated person who is Ms. Hazan's husband.

So with that background, I'll give you, Mr. Nierman, an opportunity to be heard.

1       MR. NIERMAN:  Thank you, your Honor.  First I would
2  like to begin by expressing my gratitude to the Court for
3  rescheduling this to accommodate my religious observance.
4       The Court has done an admirable job of trying to sort
5  through the different matters and litigations that have been
6  ongoing between these parties for the last seven years or so.
7  Unfortunately, it's a far richer history than what the Court
8  has laid out so far.
9       Chief Judge McMahon, on July 20, 2016, actually went
10 through the history and listed it, and several of the items
11 that the Court has mentioned were brought forth as to steps
12 that happened during the course of this litigation, a few of
13 the steps do not seem to have been mentioned by the Court, so I
14 would like to call them to the Court's attention right now.
15      Specifically, there was an assignment that happened,
16 and that was on -- there was an assignment on June 17, 2014.
17 There was also a satisfaction of the judgment that was filed on
18 September 4, 2015.  And as of the satisfaction of that
19 judgment, there was no longer any basis for New York courts in
20 the First Department to actually review the confession of
21 judgment, because under New York law, once a judgment is
22 satisfied, it's no longer subject for review.
23      On November 16, again the defendant sought to have
24 that judgment vacated.  And on December 21st, 2015, the Supreme
25 Court entered an order denying this application.  There was

1    never any appeal that was made by the defendants from that.
2    This goes all the way back to 2015.
3           So as of 2015, there was nothing that was -- there was
4    a satisfied judgment, an application to vacate that judgment,
5    that was denied by the court.  And then the defendants did
6    nothing for years other than fight in Florida.  And they have
7    fought in Florida in bankruptcy court, they have fought in
8    Florida in the district court, they fought in Pennsylvania.
9    This case has been bought before twelve different judges,
10   because every time the defendants fail to get the decision that
11   they're looking for, they try a new angle in a different court
12   and hope that they're going to succeed and get someone to
13   overturn what a previous judge has already determined.
14          But the ultimate and underlying factor is this:  The
15   bankruptcy court under Judge Cristol asked the defendants,
16   including NLG, Mr. Kosachuk, Mr. Ramirez, whether they were
17   willing to subject themselves to the bankruptcy court and have
18   all of the different litigation matters that were brought
19   before the courts handled in one room and one setting and
20   everything could be determined, and they agreed.  They
21   consented to that.
22          There was then a three-day trial where all the parties
23   had all their opportunities to bring forth their evidence.  And
24   at the consummation of that three-day trial, Judge Cristol
25   spent months deliberating over everything that happened in that

J3TT919C

trial and came out with a decision in favor of Selective and Hazan and saying that there was never -- there was no longer any debt that is owed by Hazan to NLG and there's no basis for the defendants to move any further. That was afterward confirmed.

The bankruptcy further retained jurisdiction over any further litigation that would happen. When the defendants came to New York and tried bringing an application, Selective and Hazan went to Florida and they said Judge Cristol, they're trying to overturn your order, and Judge Cristol issued sanctions against Mr. Kosachuk and Mr. Ramirez in the amount of $9,500 because they were trying to overturn his ruling. They appealed the bankruptcy decision, and Justice Moreno and Justice Lewis have said you lose on the appeal. Judge Cristol, his decision is accurate.

Now they come before this Court and try to circumvent Judge Cristol and Judge Moreno and Judge Lewis, and they're trying to say that this Court should overturn what Judge Cristol has done. There is no basis, respectfully, for the Court to take that position. They're looking for a third appellate court. This is the worst form of forum shopping I have seen in my 20 years of practice.

THE COURT: Counsel, be careful of what you say.

With respect to the arguments you're making, I have looked at the December 28 order, 2018, specifically page 8

1  where the Florida bankruptcy court indicates that it has no
2  jurisdiction over litigation between two third parties, and
3  referring to the New York State action and this appeal pending
4  before this Court.
5      MR. NIERMAN:  Yes, your Honor.  The following sentence
6  says the fact that Chris Kosachuk and Attorney Ramirez may have
7  admitted in affidavits filed in those cases that their true
8  purpose in seeking to avoid that New York judgment is to
9  enforce the reorganized debtors' alleged debts and to foreclose
10  a mortgage on their home is irrelevant and does not support a
11  finding of contempt.  Stating as much in an affidavit does not
12  make it so.  NLG, Kosachuk, Ramirez and Gatt are still not
13  entitled to foreclose.
14      The court ruled --
15      THE COURT:  I'm sorry, counsel, I don't think you need
16  to read further.
17      So my point is that the bankruptcy court takes the
18  position that it has no jurisdiction over either the New York
19  State case or this appeal.
20      MR. NIERMAN:  Respectfully, your Honor, the court
21  issued a contempt order because of the actions they brought
22  here in New York.
23      THE COURT:  Did you have anything else you wanted to
24  say, counsel, in opposition to the motion to remand?
25      MR. NIERMAN:  Yes.  The reason that this was brought

J3TT919C

forward now is because the defendants lost an appeal in Florida, and they understand that an order is about to entered which will be finally discharging and cutting their rights off further.

And what we're asking the Court is to respect the decision and the orders that have been entered by Judge Cristol, by Judge Moreno, and to not try to further unscramble the eggs. There has been a reorganization plan that has been put into effect. There are untold creditors who have relied on the decisions of Judge Cristol in order to negotiate that reorganization plan should this Court decide to intervene and say we're going to try and resurrect this judgment, which has been dead for years.

THE COURT: I'm not being asked to intervene in the bankruptcy proceeding, I'm being asked to remand to New York State Court a proceeding that will test whether or not the judgment of confession should be vacated. I'm not interfering with any Florida bankruptcy. That's not before me.

MR. NIERMAN: But seeing as the bankruptcy court has retained jurisdiction over all matters relating to this matter, if the Court is going to make a decision today whether to send it to bankruptcy court or back to New York, would it not be most logical for us to keep everything in the same court, under the same umbrella that it's already being handled? And the parties have already made very important decisions worth

1  millions of dollars based on prior findings there.  In other
2  words, we were under an umbrella, and that umbrella was
3  consented to by Messrs. Ramirez and Kosachuk and by NLG and
4  Selective.
5          THE COURT:  Anything else, counsel?
6          MR. NIERMAN:  No, thank you.
7          THE COURT:  Mr. Ramirez?
8          MR. RAMIREZ:  Thank you, Judge.  I noticed that the
9  issue that I raised in my motion for remand has not been
10 addressed, which is the timeliness of that motion.  Under Rule
11 9027(a) it would be timely under order for relief, and they
12 alleged in their original notice of removal that that date was
13 December 7, 2018, which was the order granting discharge.
14 However, that order for relief is clearly defined in the
15 statute, which would have been Exhibit B of their own notice of
16 removal, and that date would be January 11, 2016, as the Court
17 already recognized.  So this was untimely.
18         In their response to our motion they seem to change to
19 now they want us to go under a stay, that the stay was in place
20 until it was terminated with the discharge.  There was no stay
21 affecting the case that they removed.  That case has been
22 pending, and there was litigation in Florida where the debtor
23 Hazan has nothing to do with Selective other than being married
24 to the owner of the company.  In our litigation, Selective and
25 NLG has never been the subject of the bankruptcy stay in

1  Florida.  In fact, Ms. Hazan and Selective attempted to have

2  Judge Cristol stay this action here, and he refused, of course.

3  All the arguments you heard today, which don't respond

4  to my motion, were made before Judge Hagler and he rejected

5  them.  At the November 8 hearing he asked both Counsel Nierman

6  his co-counsel:  I've never ruled on the merits of the motion

7  to vacate, have I?  If you have an order, show it to me.

8  And of course they didn't show him any order because

9  he has never ruled on the merits of that.

10  He recited a lot of things that are wrong in what's

11  happened in Florida.  And I was the counsel in Florida so I

12  know it better.  All we have right now is a report and

13  recommendation from the magistrate, which is subject to de novo

14  review.  The appeal has not been decided as to the judgment in

15  the bankruptcy case.

16  But we're getting sidetracked, because all we have

17  here is a removal and a motion to remand.  And I don't think

18  you want to get into the merits of ten years of litigation

19  between the parties, but I want to point out, since you gave me

20  some history, that this whole thing stems from the judgment of

21  confession.  And if you look at the five pages that were used

22  to obtain that judgment, it is clear that Raymond Houle, who is

23  the president of 9197 Quebec, signed the affidavit on behalf of

24  NLG.  So he was acting for both the plaintiff and the

25  defendant.

1   THE COURT:  I think that goes to the merits, which is
2   before the state court.
3   MR. RAMIREZ:  But since he's sort of trying to poison
4   the well, I want to make sure that the Court understands that
5   we have had a motion to vacate pending since 2014.  We're going
6   to have somebody rule on that motion.  And he says he's got an
7   order denying it.  That's not the case.  No one has ruled on
8   it.  The bankruptcy judge didn't have jurisdiction to vacate a
9   judgment in New York, so obviously he just gave it full faith
10  and credit.  We have not had a ruling.  And all we want to do
11  is take it back to Justice Hagler and have him rule on a
12  pending motion.  It looked like he was about to rule on that
13  when they filed this totally untimely notice of removal.
14  THE COURT:  Thank you.
15  So Mr. Kosachuk, is there anything that you want to
16  add briefly?  There's no need for you to add anything.
17  MR. KOSACHUK:  If the Court sees there's no need, I
18  would like to address one tiny point, which is Mr. Nierman
19  continues to drag me individually into these litigations, and I
20  was never a party to the adversary proceeding or any of the
21  bankruptcy individually.  NLG is the largest creditor in that
22  bankruptcy down in Florida.  So I just want to make it clear
23  for the Court, part of the reason I'm here individually is they
24  kind of keep trying to confuse me with NLG, and NLG is a
25  separate entity from me individually.

1        And I think the Court addressed the key point very
2   simply, which is you can't confer jurisdiction, subject matter
3   jurisdiction, to the bankruptcy court.  It either has it or it
4   doesn't.  In this case, the Court correctly identified it
5   doesn't, it's confirming Judge Cristol's December 28 order
6   where he says he doesn't have jurisdiction.
7        All this is is a shameless attempt by Counsel Nierman
8   on behalf of his client to avoid the adjudication on the merits
9   of this sham $5 million judgment by confession, which I will
10  tell the Court is a fraud.  It is a fraud on the Court of $5
11  million.  And if anything, I would ask this Court to consider
12  vacating that judgment by confession right here to stop the
13  fraud, because I think it's egregious that Counsel Nierman
14  would come in here and try to act like a judgment by
15  confession, this particular judgment by confession for $5
16  dollars, which is entered on a tort claim, and the case law
17  going back to 1873 says you cannot enter a judgment by
18  confession on a tort, the statute, which is CPLR 3218 also says
19  that --
20            THE COURT:  I'm sorry, Mr. Kosachuk, we don't need to
21  get into the merits.
22            MR. KOSACHUK:  Thank you, your Honor.
23            MR. NIERMAN:  May I respond?
24            THE COURT:  Just very briefly.
25            MR. NIERMAN:  Yes.  While the defendants have been

1  claiming that there's no basis for jurisdiction, Judge Cristol
2  specifically cautioned Mr. Kosachuk and Mr. Ramirez not to take
3  any further steps in contravention of the final judgment order
4  or the confirmation order.  And that is why I am urging this
5  Court not to allow them to proceed in that manner.  There is
6  not a single time I have tried to drag Mr. Kosachuk anywhere.
7  Everywhere in my papers I have been addressing NLG.  Not once
8  have I ever named Mr. Kosachuk in any of my papers.
9          THE COURT:  Thank you.
10         MR. NIERMAN:  So I'm not sure where defendants are
11 coming from.
12         THE COURT:  Thank you.  So I have a motion for remand.
13 I have already indicated that one of the two grounds for
14 removal doesn't apply, and under Section 1446 only defendants
15 can remove under that section.
16         So that takes us to Section 1452.  And as NLG and
17 Mr. Kosachuk pointed out today, Mr. Nierman has not responded
18 to their principal argument that the removal was untimely under
19 Section 1452.
20         MR. NIERMAN:  Respectfully, your Honor, 30 seconds
21 more, your Honor.
22         If the Court wants the plaintiff to defend its basis
23 for bringing -- for removing, in that case I ask the Court to
24 give us a couple of days to brief that, to brief those issues.
25 This motion was just filed this week.  I'm asking the Court, if

this issue about whether we have a right to come here on the 1452 is the penultimate issue that this Court is deciding, at the very least I respectfully urge the Court to give the plaintiff a chance to defend itself by briefing that and providing case law in order to support its position that we had a right to remove from state court to federal court.

MR. RAMIREZ:  May I respond, Judge?

THE COURT:  No.

On January 25th the plaintiff filed a memorandum of law in opposition to the motion to remand.  This was scheduled in order to address the pending motions.  So the plaintiff has had an opportunity not only to address the motion to remand on paper, which it did, but also now to argue in open court.  So your application for further delay is denied.

So returning to what I was explaining, under Federal Rule of Bankruptcy Procedure 9027(a), 90 days after the order for relief, a notice of removal may be filed.  And, of course, I'm just summarizing there.  What does an order for relief refer to?  11, USC, Section 301(a) indicates that the commencement of a voluntary case under Title 11 constitutes an order for relief.  This is confirmed by the Second Circuit decision in *Bell*, 225 F.3d, 209.

Going back to the chronology, therefore, the commencement of the voluntary bankruptcy proceeding was January 11, 2016.  At that time the motion to vacate the

1  judgment had been pending in state court for over a year.  It
2  was filed in 2014.  Therefore, the 90-day period for removal
3  ran in the spring of 2016, basically April 11, 2016, or roughly
4  on that date.  So the removal pursuant to 1452 is untimely.
5           There is a second reason that remand is appropriate.
6  It's far from clear that the remand is supported on the ground
7  that the New York State action is related to the bankruptcy in
8  Florida.  The debtor is not a party to the New York State
9  action.  And the bankruptcy court, as I have indicated from the
10 December 28, 2018 transcript at page 8, views it as an
11 unrelated proceeding.  But even if it could possibly be deemed
12 a related proceeding, and even if it could possibly be deemed
13 to be a timely filed order of removal, I would exercise my
14 discretion to remand the case under Title 18, United States
15 Code, Section 1452.
16          This removal was made in bad faith in order to avoid a
17 decision by a state court on the long-pending motion to vacate
18 a confession of judgment.  As I mentioned before, the removal
19 came on January 2nd when the final memorandum was due January 7
20 and after there had been a court proceeding in November.  There
21 would be no negative impact apparent from this record on the
22 administration of the bankruptcy estate in order to allow the
23 New York State Court to address on the merits the motion to
24 vacate the judgment.  To the contrary, it may very well assist
25 the Florida bankruptcy proceedings to have clarity with respect

1  to whether that judgment, confession of judgment, should be
2  enforced or should be vacated.
3           Certainly the New York State Court is the forum in the
4  best position to address the motion to vacate the confession of
5  judgment.  It's familiar with not only the procedural history
6  underlying the motion to vacate, but it also is most familiar
7  with the New York State laws that must be interpreted to
8  address the motion to vacate.
9           And the defendant would be severely prejudiced if I
10 did not remand this action.  The judgment is in the amount of
11 $5 million, a very significant sum of money.  It appears as
12 well that the existence of that judgment may be an impediment
13 to the defendant's rights with respect to foreclosure actions
14 in Florida and otherwise dealing with Florida assets.  So it is
15 incumbent upon the defendant to have clarity as to whether or
16 not the $5 million judgment is an enforceable judgment.
17          I want to add that there is no right to appeal my
18 decision remanding this action, and specifically Section 1452
19 indicates there is no right of appeal.  So I plan to enter an
20 order today remanding the action, and so the state court should
21 have full authority immediately to address the motion to
22 vacate.
23          Now plaintiff's counsel has engaged in substantial
24 litigation misconduct before me.  It's filed reams of paper,
25 over 800 pages, that were disorganized, quite a burden to this

1  Court and a burden, no doubt, to the adversary.  It's an
2  untimely removal.  It was made for tactical reasons that I have
3  already described.  It's trying to interfere with state court
4  proceedings and places an additional burden on the New York
5  State courts.  Yesterday's letter misrepresented the
6  defendant's position on the adjournment of this conference.  I
7  won't address whether it also misrepresented the plaintiff's
8  position.  I leave that as an open question.
9           So Mr. Nierman, I want no more proceedings in federal
10 court trying unlawfully to interfere with New York State
11 proceedings.  Thank you.
12                              o0o

1  Court and a burden, no doubt, to the adversary.  It's an
2  untimely removal.  It was made for tactical reasons that I have
3  already described.  It's trying to interfere with state court
4  proceedings and places an additional burden on the New York
5  State courts.  Yesterday's letter misrepresented the
6  defendant's position on the adjournment of this conference.  I
7  won't address whether it also misrepresented the plaintiff's
8  position.  I leave that as an open question.
9           So Mr. Nierman, I want no more proceedings in federal
10 court trying unlawfully to interfere with New York State
11 proceedings.  Thank you.
12                              o0o